| THIBODEAUX, J.,
dissenting.
I agree with the majority to the extent that Ms. Harville’s previous instances of inadequate job performance would merit a disqualification from receiving unemployment compensation benefits. However, Ms. Harville was not discharged because of progressive discipline. Instead, she was discharged and denied unemployment compensation benefits because she filled out a blank leave-of-absence request. Specifically, the discharge stated:
She signed a blank leave-of-absence form and gave it to her subordinate to fill out instead of filling it out for her subordinate, and her subordinate took seven weeks of leave instead of two.
It is indisputable that Ms. Harville had received various warnings as an employee of ConAgra. None, however, dealt with signing a blank leave-of-absence slip.
ls»Ms. Harville’s conduct did not amount to a willful or wanton disregard of her employer’s interest, nor wrongful or evil design which showed an intentional or substantial disregard of the employer’s interest. She signed the blank leave-of-absence form because of an increased work load and continuous harassment from her immediate supervisor.
At most, the claimant’s conduct constituted inadequate job performance, some errors in judgment, and an inability to supervise personnel under her direction. Poor judgment, inability to cope with work pressures and occasional incidents of non-deliberate failure to precisely follow established rules and procedures, while giving the employer reason for terminating the employee, do not constitute the kind of willful and deliberate misconduct that disqualifies an employee from receiving unemployment benefits as provided by law. Simmons v. Gerace, 377 So.2d 407 (La.App. 2 Cir.1979).
For the foregoing reasons, I respectfully dissent.